Case 2:24-cv-00178   Document 42   Filed 01/30/26 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TYLER DAVID FARMER, § | |
| § | |
| Petitioner, § | |
| V. § | CIVIL ACTION NO. 2:24-CV-00178 |
| § | |
| BOBBY LUMPKIN, *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 33). The M&R recommends that the Court grant Respondent's Motion for Summary Judgment, (D.E. 31), dismiss Petitioner's 28 U.S.C. § 2254 habeas petition, (D.E. 1), and deny a certificate of appealability. Petitioner filed written objections to the M&R. (D.E. 37; D.E. 41).[1]

### I. Legal Standard

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). When a party raises "a new argument that was not presented to the magistrate judge," it

---

[1] Petitioner's objections were due August 27, 2025. (D.E. 33, p. 25). Petitioner filed one set of objections on August 25, 2025. (D.E. 37). On August 26, 2025, Judge Libby issued an order, (D.E. 40), denying Petitioner's Motion to Require State Furnish Trial Transcript, (D.E. 38), and Motion to Require State to Furnish Any Relevant Records, (D.E. 39). In that order, Judge Libby granted Petitioner a final extension to file any objections on or before September 8, 2025. (D.E. 40, p. 2–3). Petitioner then filed a second set of objections on September 15, 2025. (D.E. 41). Accordingly, both sets of Petitioner's objections are timely.

1 / 11

is not properly before the Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001) ("We have held issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge.") (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

## II. Analysis

Petitioner has raised numerous objections to the M&R. *See generally* (D.E. 37; D.E. 41). The Court addresses each in turn.

### A. Petitioner's request for trial transcripts and records.

Petitioner filed two sets of objections. (D.E. 37; D.E. 41). In his first set of objections, Petitioner repeatedly requested the Court provide him with the "records that the State referenced in their response" and "the transcripts from [his] trial." (D.E. 37, p. 1); *see also id.* at 2–3, 6–7. Petitioner subsequently filed two motions: Motion to Require State Furnish Trial Transcript, (D.E. 38), and Motion to Require State to Furnish Any Relevant Records, (D.E. 39). On August 26, 2025, Judge Libby entered an order denying both motions and granting Petitioner a final extension to file any objections. (D.E. 40, p. 1–3). Petitioner then filed a second set of objections. (D.E. 41). In his second set of objections, Petitioner disputed Judge Libby's reasoning in his order denying Petitioner's motion, arguing that "my court appointed [counsel] may have had access to the record[,] but I never have actually had access to it myself." (D.E. 41, p. 1–2).

Petitioner's request for trial transcripts in his first set of objections is not a valid objection to the M&R because his request does not "identify an error in a finding of fact or conclusion of law that is relevant and material to the decision," nor is it "support[ed] . . . with an argument and relevant citations of legal authority and/or record references." *McCann v. Lawson*, No. 2:20-CV-139, 2021 WL 119190, at *1 (S.D. Tex. Jan. 13, 2021) (Ramos, J.) (citing *Battle v. U.S. Parole*

2 / 11

*Cmm'n*, 834 F.2d 419, 42 (5th Cir. 1987)). Rather than object to any finding or rationale in the M&R, Petitioner requests the transcripts "to respond properly and accurately" to Respondent's motion for summary judgment. (D.E. 37, p. 1). Likewise, Petitioner's second set of objections do not object to the M&R, but rather to Judge Libby's order denying Petitioner's request. *See* (D.E. 41, p. 1–2).

A magistrate judge is entitled to broad discretion in the resolution of non-dispositive motions. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). If a party objects to a magistrate judge's ruling on a non-dispositive matter, the district court will disturb that ruling only when it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

As Judge Libby explained in his order, in the absence of a particularized need, indigent habeas petitioners do not have a constitutional right to free copies of state criminal trial records. (D.E. 40, p. 2). Having reviewed Judge Libby's order denying Petitioner's motions for his trial transcripts and records, the Court does not find the order's conclusions are clearly erroneous or contrary to law. Accordingly, the Court **OVERRULES** these objections.

### B. Petitioner's objections to the M&R.

The Court summarizes Petitioner's remaining objections as follows:

1. Petitioner objects to the M&R's finding of procedural default and requests his default be excused "on the fact that [his] direct appeal and PDR was filed by a court appointed attorney who had access to all applicable records" whereas he is now proceeding pro se. (D.E. 37, p. 3).
2. Petitioner objects to the lower court's findings "that there was error in the jury charge but no 'egregious harm' was done[.]" *Id.*
3. Petitioner objects to the M&R's finding that his ineffective assistance of counsel claims are without merit and argues he "had the right to affordable bond, [he] never had a[n]

      affordable bond." *Id.* at 5.
4. Petitioner objects to the M&R's finding that his *McCoy* claim is without merit. *Id.* at 5–6.
5. Petitioner objects to the M&R's finding that a motion for new trial was not filed. *Id.* at 6–7.
6. Petitioner objects to the M&R's finding a that a certificate of appealability be denied and contends "[he has] not yet had the chance to properly defend against [the] State[']s argument[.]" *Id.* at 7.

The Court addresses each objection in turn.

First, Petitioner objects to the M&R's procedural default finding. (D.E. 37, p. 3). The only claims Petitioner raised on direct appeal or in his Petition for Discretionary Review are the failure to include jury instructions and ineffective assistance of counsel under *Strickland* and *McCoy*. (D.E. 15-17, p. 26–31; D.E. 15-27; D.E. 16-1; D.E. 16-2, p. 15–19; D.E. 28-1, p. 76–77). Because the previous claims were not raised, the magistrate judge found these claims are procedurally barred. (D.E. 33, p. 7–13). Petitioner acknowledges these claims "were not raised on the first two appeals," but argues that his failure should be excused because "those appeals were not filed pro se." (D.E. 37, p. 3).

Under § 2254, state prisoners seeking habeas relief must exhaust all their claims in state court before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This exhaustion requirement is met when the substance of the prisoner's federal habeas claim has been fairly presented to the highest court in the state, in this case the Texas Court of Criminal Appeals, on direct appeal or in state post-conviction habeas proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–48 (1999). In contrast, this requirement is not met "if the petitioner presents new legal theories or factual claims in his federal habeas petition." *Reed v. Stephens*, 739 F.3d 753, 780 (5th Cir. 2014) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)).

Petitioner's claims, raised for the first time in his federal petition, are unexhausted for purposes of 28 U.S.C. § 2254(b)(1)(A). In limited circumstances, "a petitioner may overcome a

procedural bar and obtain federal habeas review of a claim by demonstrating an independent objective cause for the failure to properly raise the claim and actual prejudice resulting therefrom." *Whatley v. Davis*, No. 4:16-CV-826-O, 2018 WL 3438939, at *3 (N.D. Tex. July 17, 2018) (O'Connor, J.) (citing *Coleman v. Thompson*, 501 U.S. 722, 759 (1991)). Petitioner can avoid this procedural bar in two ways. First, the cause and prejudice standard, which permits an objective factor that is external to the petitioner and "cannot be fairly attributed to him" to excuse procedural default. *Id.* (citing *Coleman*, 501 U.S. at 753). Under this standard, "a federal habeas court [is not barred] from hearing a substantial claim of ineffectiveness assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 566 U.S. 1, 17 (2012). This requires a petitioner to "demonstrate that [his] underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 14. And second, the miscarriage of justice standard, which requires a petitioner to establish that a fundamental miscarriage of justice would result from application of the procedural bar. *Whatley*, 2018 WL 3438939, at *3. This standard also requires a statement and persuasive showing that petitioner is actually innocent. *Id.* (first citing *House v. Bell*, 547 U.S. 518, 537 (2006); then citing *Coleman*, 501 U.S. at 750)).

Petitioner fails to satisfy either standard to excuse his procedural default. *Coleman*, 501 U.S. at 729–32. As to the cause and prejudice standard, Petitioner contends his failure should be excused because his previous appeals were not filed pro se and his "court appointed attorney [had] access to all applicable records." (D.E. 37, p. 3). Petitioner fails to demonstrate that his counsel's failure to raise the grounds constituted ineffective assistance of counsel. *See* (D.E. 37; D.E. 41). Petitioner also does not argue that he is actually innocent—an argument that, if presented, would

be unsupported by the record. (D.E. 37; D.E. 41). Because Petitioner does not demonstrate he is actually innocent nor that his counsel was ineffective, the Court finds his unraised grounds are procedurally barred and **OVERRULES** Petitioner's objection.

Second, Petitioner objects to the M&R's finding as to his improper jury instructions argument. Petitioner argues "[t]he lower court admitted that there was a[n] error in the jury charge but no 'egregious harm' was done. I object to that." (D.E. 37, p. 3).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner cannot obtain relief with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

When reviewing Petitioner's claim under AEDPA's deferential standard, "the Court must look to the last reasoned state judgment that considered and rejected Petitioner's claim." *Gardner v. Lumpkin*, No. W-20-CV-772-ADA, 2021 WL 9314945, at *14 (W.D. Tex. Aug. 12, 2021) (Albright, J.). The state court's factual findings are presumed to be correct, and a state prisoner may only rebut this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e).

In addressing Petitioner's jury instructions argument, the last state court judgment contained the following findings:

> Having found error in the charge, we proceed to a harm analysis. When error in the charge is not preserved by timely objection at the charge conference, as here, the error will only result in reversal of the conviction upon a showing of "egregious harm" to the appellant. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Egregious harm deprives an appellant of a "fair and impartial trial." *Price*, 457 S.W.3d at 440. "Errors that result in egregious harm are those that affect the 'very

> basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Warner v. State*, 245 S.W.3d 458, 461–62 (Tex. Crim. App. 2008) (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)).
> 
> Farmer argues that he was egregiously harmed by the error because "the only defense to the felony murder charge was that Farmer was reckless in committing the aggravated assault." We disagree. The predicate felony offense specified in the jury charge was aggravated assault by threat, but there was no evidence that Farmer "threatened" anyone recklessly, as opposed to intentionally or knowingly. *See* TEX. PENAL CODE ANN. § 6.03(c) ("A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur."). Farmer admitted to police that he and his companions intentionally fired their guns with the intent to "scare" Cruz and the others who were waiting at the basketball court, and Lockhart corroborated that statement at trial. There was never any suggestion at trial that anyone fired their weapons accidentally or with any intent other than to threaten. We therefore find it vanishingly unlikely that the jury based its guilty verdict on a finding that Farmer recklessly committed aggravated assault. The error did not affect the very basis of the case or a defensive theory, nor did it deprive Farmer of a fair and impartial trial. *See Warner*, 245 S.W.3d at 461–62.
> 
> Moreover, the charge accurately defined the offense of deadly conduct to include a "knowing" mental state, and the conduct alleged to be deadly conduct was identical to the conduct alleged to be aggravated assault—i.e., discharging a firearm at or in the direction of one or more individuals. *See* [TEX. PENAL CODE. ANN.] § 22.05(b)(1). By finding Farmer guilty, the jury necessarily found that he committed aggravated assault in this manner. Therefore, we cannot say that the error in the application paragraph for the second element caused egregious harm. We overrule Farmer's second issue.

(D.E. 15-20, p. 12–13). Beyond his conclusory allegations, Petitioner does not provide clear and convincing evidence demonstrating egregious harm as a result of the improper jury instructions. (D.E. 1; D.E. 25; D.E. 26; D.E. 37; D.E. 41). Further, he fails to provide clear and convincing evidence that the state court's decision was contrary to, or an unreasonable application of, federal law or that the state court's findings are based on an unreasonable determination of the facts. Without that evidence, and presuming the state court's decision to be correct, the Court **OVERRULES** Plaintiff's objection.

Third, Petitioner objects to the M&R's finding that his ineffective-assistance-of-counsel claim is without merit. (D.E. 37, p. 5). In his objection to the M&R, Petitioner argues he "had the

right to a[n] affordable bond, [but he] never had [] affordable bond." (D.E. 37, p. 5).[2] To succeed on an ineffective-assistance-of-counsel claim, Petitioner must satisfy the two-prong test set out in *Strickland v. Washington*.[3] This requires Petitioner to demonstrate his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* at 687–88.

The Court disagrees with Petitioner's argument—the state Court properly set Petitioner's bond. As the M&R noted, Petitioner's counsel filed a motion to set reasonable bond. (D.E. 28-1, p. 68). The state trial court denied this reduction because "the alleged murder occurred while the Defendant was released on bond for an aggravated assault occurring only 3 months prior to the murder charge, and the Defendant attempted to flee from police officers when he was arrested on the murder charge." *Id.* Trial counsel did subsequently succeed in reducing Petitioner's bail by agreement with the State. *Id.* Petitioner's bond amount was predicated on the underlying offense of murder, his previous aggravated assault offense, and his attempt to flee from law enforcement. *Id.*; (D.E. 33, p. 17). These efforts do not fall below the objective standard of reasonableness. *Strickland*, 466 U.S. at 687. Further, Petitioner cannot demonstrate prejudice because the outcome of Petitioner's case would not change based on a motion for bond. Based on these facts and Petitioner's counsel's efforts, the Court **OVERRULES** Petitioner's objection.

Fourth, Petitioner objects to the M&R's finding as to his *McCoy*[4] claim. (D.E. 37, p. 5). The M&R found Petitioner's *McCoy* claim lacks merit. Petitioner disagrees with this finding and argues he did not agree to concede guilt of the predicate offense. *Id.* at 6. The state appellate court

---

[2] The Texas Constitution provides criminal defendants with a right to bail pending trial in all cases except for capital offenses where the proof is evident. Tex. Const. Art. I, § 11.
[3] 466 U.S. 668 (1984).
[4] *McCoy v. Louisiana*, 584 U.S. 414 (2018).

8 / 11

found:

> [Petitioner's] counsel never conceded that [Petitioner] was guilty of the charged offense; instead, he conceded that [Petitioner] was guilty of the predicate felony offense of aggravated assault, which is only one element of felony murder. *See* Tex. Penal Code Ann. § 19.02(b)(3). The *McCoy* Court made clear that 'strategic disputes about whether to concede an element of a charged offense' are not within the purview of its ruling. [584 U.S. at 426]. Moreover, [Petitioner] never complained to the trial court about counsel's decision, and there is nothing in the record indicating that [Petitioner] ever disapproved of counsel's decision prior to this appeal. *See Turner* [*v. State*], 570 S.W.3d [250], 276 [(2018)] (agreeing that "a defendant cannot simply remain silent before and during trial and raise a *McCoy* complaint for the first time after trial.") We therefore conclude that both prongs of *Strickland* apply to this particular Sixth Amendment claim.

(D.E. 15-20, p. 17–18). In Petitioner's state appeal, Petitioner's trial counsel explained he and Petitioner "discussed conceding to the elements of aggravated assault as a possible way of avoiding a murder conviction." (D.E. 28-1, p. 71). Petitioner's trial counsel further explained:

> [Petitioner] knew he was facing a conviction at some level and believed his best chance at keeping the punishment within the range of a second-degree felony was to admit to that offense and show at trial that there was no intent or conspiracy to commit a murder and no conduct clearly dangerous to human life because [Petitioner] was shooting into the ground or into the sky. [Petitioner] acknowledged this strategy as being in his best interest and was the best chance of limiting the conviction to a second-degree offense with the opportunity for probation.

*Id.* The state court found Petitioner's trial counsel's affidavit credible, and his trial strategy reasonable. *Id.* at 77. "'[S]trategic disputes about whether to concede an element of a charged offense' are not within the purview of the [*McCoy*] ruling." (D.E. 33, p. 21) (citing D.E. 15-20, p. 17–18). There is no evidence in the record to demonstrate Petitioner did not agree with counsel's trial strategy. *See* (D.E. 28-1, p. 71) ("[Petitioner] acknowledged this strategy as being in his best interest and was the best chance of limiting the conviction to a second-degree offense with the opportunity for probation."); *see also id.* at 77 (finding Petitioner's counsel credible and his trial strategy reasonable). Without factual support to the contrary, the Court finds the state appellate court's findings and Petitioner's trial counsel's affidavits persuasive. The Court **OVERRULES**

Petitioner's objection.

Next, Petitioner objects to the M&R's finding that a motion for new trial was not filed. (D.E. 37, p. 6–7). He contends on February 19, 2020, a motion for a new trial was filed in the trial court. *Id.* Upon reviewing the M&R, the Court finds no explicit finding to which Petitioner directs his objection. *See* (D.E. 33). Petitioner does not raise this issue nor explain its significance in his filings before the Court. (D.E. 25; D.E. 26). Because this argument was not previously raised, it is not properly before the Court. *Finley*, 243 F.3d at 218 n.3. The Court **OVERRULES** this objection.

Sixth, Petitioner objects to the M&R's recommended denial of a certificate of appealability. (D.E. 37, p. 7). In support of his objection, Petitioner argues he did not have access to his trial transcripts when his direct appeal was filed. *Id.* Because of that, he contends he has not had the chance to properly defend against the State's argument. *Id.* As discussed above, Petitioner's request for his trial transcripts is without merit and his attendant objections are not properly before the Court. *Supra* II.A. In any event, Petitioner's objection fails the standard for a certificate of appealability because it does not "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court **OVERRULES** this objection.

### III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Petitioner's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Petitioner's objections, (D.E. 37; D.E. 41), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 33). Accordingly, the Court **GRANTS** Respondent's motion for summary judgment, (D.E. 31),

**DISMISSES** Petitioner's 28 U.S.C. § 2254 petition, (D.E. 1), and **DENIES** Petitioner a certificate of appealability.

A final judgment will be entered separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
   January 30, 2026